IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00533-BNB

CHRISTOPHER COPELAND,

    Applicant,

v.

BLAKE DAVIS, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 9 2010

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant, Christopher Copeland, is a prisoner in the custody of the United States Bureau of Prisons ("BOP") at the Federal Prison Camp in Florence, Colorado. Mr. Copeland, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On March 12, 2010, Magistrate Judge Boyd N. Boland entered an Order to Show Cause directing Mr. Copeland to respond and show cause why the Application should not be denied because Mr. Copeland failed to assert an injury in fact as required under Article III of the U.S. Constitution and because the claims he raises address the validity of his sentence and not the execution of his sentence.

On March 29, 2010, Mr. Copeland filed a pleading titled "Memorandum of Support in Opposition to Supervised Releases as an Illegally Imposed Sentence." In the Memorandum, Mr. Copeland indicates he is challenging the constitutionality of the supervised release that was imposed as part of his sentence. He further asserts that

his supervised release violates the Sixth Amendment because it is "an illegal add on sentence" and exceeds the "statutory imposed criminal offense sentence." (Mem. at 1 and 6.) Mr. Copeland also asserts that the BOP has no authority over the claims that he raises (Application at 2) and his sentence is unconstitutional due to the alleged illegal *Booker* enhancements (Mar. 29 Mem. at 3 and Mar. 8 Mem. at 16.)

The Court must construe the Application liberally because Mr. Copeland is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss this action.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw*, 86 F.3d at 166. "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam).

A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing

2

court under § 2255." ***Williams v. United States***, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." ***Johnson***, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." ***Caravalho v. Pugh***, 177 F.3d 1177, 1178 (10th Cir. 1999).

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See **Caravalho***, 177 F.3d at 1178. Another circumstance where the remedy in a § 2255 motion may be inadequate and ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent. ***United States v. Apodaca***, 90 F. Appx. 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing ***Reyes-Requena v. United States***, 243 F.3d 893, 902 n.20 (5th Cir. 2001)).

Mr. Copeland clearly is challenging the constitutionality of his sentence as imposed by the sentencing court and not the execution of his sentence by the BOP. Mr. Copeland, however, fails to assert that the remedy available to him pursuant to § 2255 in the sentencing court is inadequate or ineffective. Therefore, based on the above findings, the Court concludes that the Application lacks merit and must be denied. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this  8th   day of   April  , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00533-BNB

Christopher Copeland
Reg No. 27715-044
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/9/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk